# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **THE KENNEDY COMPANY, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO.  CV-13-S-628-NE |
| | ) |
| **JUST IN TIME CHEMICAL** | ) |
| **SALES AND MARKETING, INC.,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This action is before the court on plaintiff's motion for remand.[1]  Upon review of the complaint and the parties' briefs, the motion will be denied.

Plaintiff commenced this action in the Circuit Court for Jackson County, Alabama.  The state court complaint alleges claims against defendants "Just in Time Chemical Sales and Marketing, Inc." (JIT), George Pirich d/b/a GMP International, and numerous unknown parties for negligence, wantonness, breach of contract, breach of implied warranty of fitness for a particular purpose, breach of an express warranty, and misrepresentation.[2]  Plaintiff asserts that defendants supplied it with a defective plasticizer compound that caused an "off-gassing odor" when it was integrated with

---

[1] Doc. no. 7 ( Plaintiff's Motion to Remand).

[2] *See* Complaint, appended to doc. no. 1 (Notice of Removal).

other products.³ Plaintiff demands an unspecified amount of compensatory and punitive damages from defendant, including approximately $44,000 in damages for previously incurred expenses.⁴

JIT timely removed to this court on April 5, 2013, asserting federal jurisdiction based on satisfaction of the diversity statute, 28 U.S.C. §1332(a)(1).⁵ Plaintiff moved to remand the case to state court on May 1, 2013. It is undisputed that the parties are of diverse citizenship.⁶ Thus, the outcome of the motion to remand turns on whether the requisite amount in controversy has been satisfied.⁷

Plaintiff has attempted to stipulate that its damages will not exceed the $75,000 jurisdictional threshold. Plaintiff alleges that there is no factual basis underlying the jurisdictional threshold.⁸ Defendant opposes plaintiff's requests.

A removing defendant bears the burden of proving that federal jurisdiction exists. *See*, *e.g.*, *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001)); *Kirkland*

---

³ *Id.*

⁴ *Id.*

⁵ Doc. no. 1 (Notice of Removal).

⁶ No party contests that the citizenship of the parties is diverse. Indeed, plaintiff states in its complaint that Kennedy is an Alabama corporation, JIT is a New Jersey Corporation, and Pirich is a resident of Florida. *See* Complaint, at ¶¶ 1-3.

⁷ *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . .").

⁸ Doc. no. 7 (Plaintiff's Motion to Remand).

*v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[T]he burden is on the party who sought removal to demonstrate that federal jurisdiction exists.") (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *overrule on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). Accordingly, removal statutes must be construed narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Plaintiff's argument in support of remand is based solely on the assertion that the $75,000 statutory amount in controversy has not been satisfied. *See* 28 U.S.C. § 1332(a) (setting forth the $75,000 minimal jurisdictional amount in controversy). "When jurisdiction is premised on the diversity of the parties, the district court is obligated to assure itself that the case involves the requisite amount in controversy." *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (citations omitted).

Further, the court must focus upon the amount that was in controversy *on the date the case was removed from state court*. *See, e.g., Burns*, 31 F.3d at 1097 n.13 ("Jurisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*.") (emphasis in original) (citations omitted); *see also, e.g., Leonard*, 279

F.3d at 972 (same).

Although plaintiff did request a specific amount of damages for previously incurred expenses ("over $44,000.00 in previously incurred expenses"), it did not request a specific amount for "compensatory and punitive damages that are not yet known."[9]  Defendant therefore bears the burden of proving that the requisite jurisdictional amount was in controversy on the date of removal because, whenever a plaintiff "fails to specify *the total amount* of damages demanded" in a state court complaint — *either by* demanding a specific sum in compensatory damages, but an indefinite amount as punitive damages, *or by* not designating any amounts at all (*e.g.*, "compensatory and punitive damages in such amounts as the jury may award") — then "a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard*, 279 F.3d at 972 (emphasis supplied) (citing *Tapscott*, 77 F.3d at 1356-57 ("[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement.")). Defendant cannot satisfy its burden through pure speculation, without offering any supporting facts or specific allegations. *Lowery*

---

[9] *See* Complaint, at 11 ("[P]laintiff claims over $44,000.00 in previously incurred expenses in additional to compensatory and punitive damages that are not yet known.")

*v. Alabama Power Co.*, 483 F.3d 1184, 1209, 1215 (11th Cir. 2007). On the other hand, "specific factual allegations establishing jurisdiction and [supporting] them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations" *will* suffice. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (bracketed alteration supplied). A removing defendant may offer "a wide range of evidence," including affidavits, depositions, or other "summary judgment-type evidence" to establish the amount in controversy. *Id.* at 754-56.

Defendant's arguments in support of satisfaction of the amount in controversy are persuasive and premised on accurate interpretations of the law. In the defendants' opposition to plaintiff's motion to remand, defendants refer to facts in plaintiff's complaint that confirm that plaintiff's damages "more likely than not" exceed $75,000.[10] First, defendant states that the amount of plasticizer compounds it supplied to the plaintiff proves that the damages could be substantial.[11] Second, plaintiff already admitted in its complaint that approximately $44,000 in damages had already incurred.[12] Third, plaintiff is also claiming additional damages in which the amounts have not been established. These damages include:

---

[10] Doc. no. 9 (Defendant's Opposition to Plaintiff's Motion to Remand).
[11] *Id.* (*See Pretka*, 608 F.3d at 753) (other citations omitted).
[12] Doc. no. 1.

> Continuing economic damage; [t]he replacement costs of its products from its customers; [t]he freight charges for replacement of products; [t]he loss of customers; [d]amage to its reputation; [l]oss of time and energy of its company employees dedicated to resolving the conflicts with its customers and end-users; and . . . . punitive damages.[13]

Fourth, plaintiff is also claiming punitive damages. "Two of plaintiff's claims—fraud and wantonness — explicitly provide for recovery of punitive damages."[14]

Finally, defendants argue that plaintiff's own documents leave no doubt that the minimum amount in controversy is satisfied. Defendant points to Exhibits B and D-G, which shows the amount(s) at stake. Exhibit B is plaintiff's "Notice of Subrogation Claims and Demand for Payment," in which almost $500,000 is requested or reserved for closed and open claims against plaintiff.[15] Exhibits D and E show that other litigation is demanding at least $3.5 million from plaintiff for claims against products involving defendants' plasticizer compounds.[16] Exhibit F shows remediation for more than $1 million due to defendants' compounds being contained in plaintiff's product.[17]

Even without the above facts extrapolated from Exhibits, plaintiff's argument that the jurisdictional amount has not been met is without merit. The Eleventh Circuit has held that a plaintiff's refusal to stipulate to the amount in controversy cannot

---

[13] Doc. no. 9.

[14] *Id.*

[15] *Id.* at Exhibit B.

[16] *Id.* at Exhibits D-E.

[17] *Id.* at Exhibit F.

constitute proof that the amount is below the jurisdictional threshold. *See Williams*, 269 F.3d at 1320 ("There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy Best Buy's burden of proof on the jurisdictional issue. Thus, the pleadings are inconclusive as to the amount in controversy.").

Plaintiff also argues that its request for attorney's fees should not be included in the calculation of the amount in controversy.[18] This argument is also without merit because plaintiff is requesting damages for negligence and wantonness.[19] If there is a finding of "willful and malicious misappropriation," the plaintiff can also recover attorney's fees and "[e]xemplary damages in an amount not to exceed the actual award made under subdivision (1), but not less than ten thousand dollars ($10,000)." Ala Code §§ 8-27-4(a)(2)(c)&8-27-4(a)(3).[20]

Even considering only the evidence of business lost by plaintiff as a result of defendants' alleged misappropriation of the compound plasticizer, it is probable that the amount in controversy exceeds $75,000. Evidence of any negligence or intent the defendants may have had, as well as the consideration of potential exemplary damages and attorney's fees, only adds further support to that conclusion. Accordingly, JIT has

---

[18] Doc. no. 7.

[19] *See* Complaint.

[20] Plaintiff has alleged that defendants' misappropriation was "negligent and wanton . . . ." Complaint, at ¶ 15.

satisfied its burden of establishing, by a preponderance of the evidence, that the requirements of diversity jurisdiction have been satisfied. Plaintiff's motion for remand is due to be denied.

Accordingly, plaintiff's motion for remand is DENIED. The case will remain in this court despite the fact that the plaintiff does not want it here.

DONE this 26th day of July, 2013.

_____
United States District Judge